IRVING M. JORDAN *vs.* JOHN HILBERT.

Cumberland.      Opinion, February 16, 1932.

*Clifford E. McGlauflin*, for plaintiff.
*Goodspeed & Fitzpatrick*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farrington, Thaxter, JJ.

Sturgis, J.  Action to recover a commission upon the sale of the defendant's farm. The suit was entered in the Superior Court and referred by rule of court with right of exception to decisions of law reserved. The Referee found for the plaintiff and so reported. The defendant filed written objections and brings forward his exception to the acceptance of the report.

The evidence taken out before the Referee and made a part of the bill of exceptions tends to prove that the defendant, the proprietor of the Johnson House, a hotel in Gardiner, Maine, sometime in October, 1929, requested the plaintiff, then stopping at the hotel as a guest, to find a purchaser for a farm which the defendant owned in West Gardiner. The plaintiff was given photographs of the place and, though his assertion is denied by the defendant, insists he was given a selling price of $4,000 if a sale should be made before the taxes of 1930 had to be paid. The farm had already been listed for sale with a real estate agency in Gardiner and numerous traveling men who stopped at the defendant's hotel. The plaintiff's agency was not exclusive.

The evidence also warranted the finding that about April 30, 1930, having in the meantime sent one prospective customer to the defendant who did not purchase, the plaintiff met Henry Mc-Cafferty of Gloucester, Mass., on the train running from Portland to Gorham, N. H., and, upon the latter's inquiry as to available farms which could be purchased, described the defendant's property, quoted a price of $4,000 and gave him the defendant's name and address. McCafferty, on arriving in Gorham, reported his conversation with the plaintiff to his wife, who immediately wrote the defendant and, within a week, accompanied by her husband, visited Gardiner, examined the farm, paid the defendant $4,200 and took title in her own name to the property.

It appears that, although the plaintiff did not inform the defendant of his conversation with Mr. McCafferty on the train before the sale was made, the latter, when he and his wife called on the defendant, informed him that he had learned about the farm from a man on the train who had quoted a price of $4,000, given him the defendant's address, but whose name he could not give. The defendant denied to them that he had given anyone authority to quote a price less than $5,000, but, without further inquiry as to the person who had sent them to him, entered into negotiations which resulted in a sale as already noted.

A further review of the facts in this case is unnecessary. The recital already made of the findings warranted by the evidence portrays the incidents of the transaction with substantial accuracy and is not materially modified in the record. Upon the evidence before him, the Referee found as a fact that the plaintiff produced the customer to whom the defendant sold his farm and ruled that he was entitled to recover the commission sued for.

In references of cases by rule of court under Rule XLII of the Supreme and Superior Courts, the decision of the Referee upon all questions of fact is final. A like finality attaches to his decision on questions of law unless the right to except thereto is specifically reserved and so entered on the docket. Neither a finding of fact by a Referee, nor his decision based thereon, if otherwise sound in law, is exceptionable if there is any evidence to support the finding of fact. *Hovey* v. *Bell*, 112 Me., 192, 195. The finding of fact by the Referee that the plaintiff was the procuring cause of the sale here

involved was properly accepted in the Trial Court as final. It was supported by evidence of probative value.

The Referee, however, included a finding in his report that the plaintiff failed to notify the defendant until after the sale that the purchaser and her husband were his customers. The defendant objected to the report on this ground and charges error in its acceptance against this objection. This raises a question of law open upon the exception before this Court and not yet decided in this State.

According to the weight of authority, the rule seems to be that, if a broker is in fact the procuring cause of the purchase of his principal's property and would otherwise be entitled to a commission, he will not, as a general rule, be deprived thereof by the fact that the owner at the time of the sale did not know of his instrumentality in procuring the purchaser, even though his agency was not exclusive. Among the many authorities supporting this general rule are: *Handley* v. *Shaffer*, 177 Ala., 636; *Briggs* v. *Hall*, 24 Cal. App., 586; *Bryan* v. *Abert*, 3 App. D. C., 180; *Addison* v. *Blair*, 42 App. D. C., 331; *Adams* v. *Decker*, 34 Ill. App., 17; *Rounds* v. *Alee*, 116 Iowa, 345; *Slagle* v. *Russell*, 114 Md., 418; *Stuart* v. *Valsom*, 249 Mass., 149; *Lane* v. *Cunningham*, 171 Mo. App., 17; *Lewis* v. *McDonald*, 83 Neb., 694; *McLaughlin* v. *Campbell*, 78 N. J. L., 541; *Lloyd* v. *Matthews*, 51 N. Y., 124; *Sussdorff* v. *Schmidt*, 55 N. Y., 321; *Graves* v. *Woodward*, 78 Tex., 92; Mechem on Agency (2nd Edition), Sec. 2435; 4 R. C. L., 321; 9 Corpus Juris, 621.

It is quite generally recognized, however, and properly so, we think, that there may be circumstances under which the owner's ignorance of the fact that the purchaser was procured by the broker is controlling. And it is accordingly held that a broker should not be allowed to recover a commission when, having opportunity to inform the owner, he allows him to pay another broker a commission on the sale or accept a lower price for the property through ignorance that the purchaser is the broker's customer. *Handley* v. *Shaffer*, supra; *Gilbert* v. *McCullough*, 146 Iowa, 333; *Slagle* v. *Russell*, supra; *Metcalfe* v. *Gordon*, 83 N. Y. S., 808; *Jungeblut* v. *Gindra*, 118 N. Y. S., 942; *Wilson* v. *Franklin*, 282 Penna., 189; *Terry* v. *Bartlett*, 153 Wis., 208.

In the case at bar the defendant has paid no commission. The plaintiff alone claims a commission. The farm was sold at a price in excess of that which the evidence tends to prove it was listed at with the plaintiff. The defendant knew that the property was listed with numerous persons, including the plaintiff, and was warned of his liability for a commission, we think, and put upon inquiry as to who sent the purchaser to him when he was informed that her husband learned of the property from someone on the train. It would appear that, by the exercise of reasonable diligence, he could have ascertained that the plaintiff was the man referred to. If so, he is chargeable with knowledge thereof. *Shattuck* v. *Jenkins*, 130 Me., p. 480; *Trust Company* v. *Insurance Companies*, 127 Me., 528, 539.

We are of opinion that the Referee, having found that the plaintiff was the procuring cause of the sale here involved, properly ruled that the failure of the plaintiff to inform the defendant that the purchaser was his customer did not bar his recovery. Circumstances are not disclosed in the evidence which demand the application of a modification of the general rule already discussed, which we adopt as the law of this case. No error can be predicated on the acceptance of the same rule in the Trial Court.

*Exception overruled.*