VIRGINIA G. FAXON *vs.* DANIEL N. BARNEY.

York.     Opinion March 22, 1933.

*Spinney & Spinney*, for plaintiff.
*Stewart & Hawkes*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.   This is a bill in equity which prays for a mandatory injunction to compel the defendant to abate a nuisance which the plaintiff claims exists by reason of the maintenance by the defendant of a concrete driveway across the plaintiff's land. After the filing of an answer the case was referred by agreement of the parties to two referees who on July 15, 1932 found that the plaintiff's bill should be sustained and that a mandatory injunction should issue. The Justice of the Superior Court to whom this report was presented accepted it, and entered a decree in accordance with the findings of the referees. From this decree the defendant has appealed.

The reference of disputes is governed by the provisions of our statutes, and consent alone can not confer jurisdiction on referees.

*Appeal of Chaplin*, 131 Me., 187, 160 A., 27. Under the original statutory provision, now embodied in R. S. 1930, Chap. 122, Sec. 1, parties to a cause by agreement could submit to referees any controversy which might have been the subject of a personal action. This obviously did not authorize the submission of a bill in equity. *Butler* v. *Mace*, 47 Me., 423. R. S. 1930, Chap. 96, Sec. 94, first adopted in 1879, Chap. 88, Laws 1879, authorizing the appointment of referees by the court, though somewhat broader in its terms than the then existing statute providing for references by consent, was likewise not intended to apply to bills in equity. The words there used authorizing the trial by referees where the parties consent of all cases in the Supreme Judicial or Superior Court apply only to civil cases.

The jurisdiction of the equity judge, who may enter orders requiring the performance of certain acts, who may impose restraints, who is called upon to exercise discretion, can not be delegated to others. The reference in equity to a master, as provided by statute and rule of court, is an entirely different procedure. The master assists the court in some proceeding incidental to the progress of the cause. Whitehouse: Equity Practice, Sec. 463. The statutory reference in effect transfers the cause to another tribunal.

Though this case comes before us on an appeal from a decree of the presiding Justice entered after the acceptance of a report of referees, it is nevertheless apparent that the entry of such decree was merely an incident in the acceptance of such report, and was not intended as an exercise of the independent judgment of an equity judge based upon his own conclusions as to law and fact.

Whatever may have been the practice in the past we feel that from now on the provisions of our statutes must be held not to authorize the procedure followed in this case.

> *Appeal sustained.*
> *Decree below reversed.*
> *Case remanded for*
> *appropriate proceedings.*