**Raymond A. COTE**

v.

**STATE PERSONNEL BOARD.**

Supreme Judicial Court of Maine.

April 3, 1971.

Farris & Foley, by Ralph W. Farris, Jr., Phillip M. Kilmister, Augusta, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

WEBBER, Justice.

This case originated in 1963 with the dismissal of appellant Cote from his employment with the Department of Economic Development of the State of Maine. Mr. Cote forthwith appealed to the State Personnel Board which after hearing confirmed the dismissal. He then seasonably appealed by complaint to the Superior Court. On January 21, 1969 the decision of the Superior Court was filed denying the appeal. On February 12, 1969 notice of appeal to the Law Court was filed. Whether that appeal has ever been properly per-

fected in the Law Court is one of the issues presented for our consideration.[1]

We take occasion to emphasize the importance of adherence to the Maine Rules of Civil Procedure bearing on appellate procedure. The instant case points up the difficulties which may be created for both the parties and the Law Court when there are substantial departures from rule requirements.

Rule 74(h) contains the following provisions: "The *complete docket entries* in the proceeding below shall follow the table of contents. * * * The record on appeal shall include a copy of the matter designated by the parties, *but also shall always include*, whether or not designated, copies of the following: *the docket entries*; * * the designations or stipulations of the parties as to the matter to be included in the record; and the statement by the appellant of the points on which he intends to rely." (Emphasis supplied) There are sound reasons for making mandatory the inclusion of the docket entries in the record. The Law Court may have no other means of determining its own jurisdiction. The docket entries provide the best and often the only method of resolving many questions which arise during Law Court consideration of a case. This Court has inherent power to impose sanctions for failure to comply with rule requirements, including the power to dismiss the appeal as unperfected.

In the instant case the docket entries were not included in the record. The State vigorously contends that this is a serious omission because the docket entries, if included, would disclose a failure in several respects to perfect the appeal. To assist us, the State has attached a copy of the entries as an Appendix to its brief, but merely for purposes of argument as to the importance of the omission. Appellant does not challenge the accuracy of the State's copy.

Rule 74(a) prescribes the requirements for filing the designation of record and for the method of securing extensions of time therefor. In this case an extension was obtained which expired on July 11, 1969. The designation, according to the State's copy, was not filed until July 15, 1969. Appellant chose not to designate the complete record but saw fit to exclude certain exhibits which had been offered by appellee and admitted in evidence. This limited designation brought into play the requirements of Rule 74(d) pertaining to the filing of a statement of points on appeal. This statement was also required to be filed on or before July 11, 1969, but was not filed until July 15, 1969. Here is a clear illustration of the type of information which bears on the perfecting of the appeal and which makes the inclusion of the docket entries important.

The State moved in the Superior Court to dismiss the appeal pursuant to Rule 73(a). While this motion was pending, appellant filed a motion addressed to the Law Court, also pursuant to Rule 73(a), asserting, in effect, that exceptional circumstances excuse the appellant's failure to perfect the appeal and that justice demands that the appeal be heard. By our order dated October 6, 1969 we extended the time for perfecting the appeal to December 1, 1969.

On November 25, 1969 the record was filed but there is no indication that any new designation of record or statement of points was filed. It was essential that a new and timely designation of record be filed after leave had been granted by the Law Court to perfect the appeal in order to start the time running within which the State might have filed a desig-

1. The long interval between the inception of this case and its presentation to the Law Court is without doubt attributable in large part to the fact that four or five different attorneys have acted for appellant during the period. It may well be that this lack of continuity in representation rendered more difficult the task of perfecting the appeal.

nation of additional portions of the record pursuant to Rule 74(a). This would have afforded the State an opportunity to designate the respondent's exhibits which the State contends are essential to an understanding of the case.

■ We also take the occasion to comment on the inclusion in the record of a brief which appellant had filed with the Superior Court below. A brief or memorandum of law has no place in the printed record of a case on appeal. Rule 74(e).

■ We conclude that this appeal has never properly been perfected and must be dismissed.

In order to satisfy ourselves that no manifest injustice results from dismissal on technical grounds we have examined the record and are satisfied the careful and painstaking opinion of the Superior Court correctly disposed of all of appellant's contentions, and the appeal therefrom, if properly perfected, would have been completely devoid of merit.

Appeal dismissed.