Dwight M. INGHAM et al.

v.

Evangelos TZIKAS.

Supreme Judicial Court of Maine.

June 4, 1974.

Sanborn, Moreshead, Schade & Dawson by Richard B. Sanborn, Augusta, for plaintiffs.

Harold J. Shapiro, Jeffrey A. Smith, Gardiner, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

POMEROY, Justice.

The complaint in this action sought a declaratory judgment that the appellant herein had violated a restriction on the land which he owned by construction of an addition to a building.

The appellees were the original owners of a development and were the appellant's grantor.

The complaint recites that the premises of the defendant, and all other lot owners in the development, are subject to the following restrictions and conditions:

"No building shall be erected or placed upon these granted premises which costs erected less than Seventy-five Hundred ($7,500.00) dollars except a garage and/or out house appurtenant to the dwelling house thereon, or shall such building be used for other than dwelling house purposes, and in case of such garage or outhouse, such are to be used for garage or other reasonable purposes in connection with said dwelling house; and no part of these granted premises or any structures erected thereon, shall be used for commercial purposes.

"No building shall ever be erected or placed on said granted premises within thirty-five (35) feet of the east and northeast lines of Forest Avenue, but this restriction does not prevent the erection of proper and legal fence on said premises."

The complaint then alleged the violation by appellant consisted of commencing to construct a garage with an apartment over it which apartment was to be rented.

Answer to the complaint was seasonably filed. Thereafter the parties entered into an agreement of reference pursuant to Rule 53, M.R.Civ.P.

The Order of Reference contained a provision that "the report of the Referee shall be final and conclusive." The same provision was in the agreement of reference.

After hearing, the Referee made findings adverse to the appellant. An exchange of letters between the attorneys followed.

The attorney for the appellees wrote:

"I enclose herewith Motion for Acceptance of Referee's Report which we discussed and understand from you that you have no objection to my securing the acceptance of the same by a Superior Court Justice. You retain, of course, your right to take an appeal therefrom if you should desire to do so."

This brought the following response from appellant's attorney

"As attorneys for the Tzikas' we have no objection to your motion for acceptance of referee's report, provided that our right to appeal any decision of the Superior Court is not infringed."

The report was thereafter presented to a Justice of the Superior Court for acceptance. It was accepted and an injunction was issued. Almost immediately thereafter the appellant filed notice of appeal. Nothing was done by either party for the record until some five months thereafter when the appellees filed a motion to dis-

miss the appeal, alleging as the basis of such motion, that no right to object to the acceptance of the Referee's report was reserved, and, therefore, the Order accepting the Referee's report was not appealable.

Shortly thereafter the appellant filed a reply to the motion to dismiss the appeal together with a motion under Rule 60(b), M.R.Civ.P., seeking to be relieved of the effect of the agreement of reference and the Order thereon so as to make the acceptance of the report and the judgment that an injunction should issue appealable.

The Superior Court Justice granted the appellees' motion to dismiss the appeal[1] and denied relief under Rule 60(b).

This appeal resulted.

We dismiss the appeal.

■ The motion which the appellant filed under the provisions of Rule 60(b), M.R.Civ.P., was addressed to the sound discretion of the presiding Justice and is reviewable by this Court only for an abuse of discretion. Willette v. Umhoeffer, Me., 245 A.2d 540 (1968); Northland Industries, Inc. v. Kennebec Mills Corporation, 161 Me. 455, 214 A.2d 100 (1965).

■ In the motion under Rule 60(b), the appellant referred to his

"inadvertance, excusable neglect, mistake, and surprise in misinterpreting the effect of his agreement to reference and the finality and conclusiveness of the referee's report, . . . ."

At no time did he describe any claimed facts to support these conclusionary words.

We are unable to find any basis for the claim that the presiding Justice abused his discretion in denying the relief sought under Rule 60(b).

■ We are left then only with appellant's claim that the statement found in Jordan v. Hilbert, 131 Me. 56, 58, 158 A. 853, 854 (1932),

"In references of cases by rule of court under Rule XLII of the Supreme and Superior Courts, the decision of the referee upon all questions of fact is final. A like finality attaches to his decision on questions of law unless the right to except thereto is specifically reserved and so entered on the docket."

is no longer operative under the Maine Rules of Civil Procedure which were adopted effective December 1, 1959, many years after Jordan v. Hilbert was decided.

We do not agree.

Rule 53(e)(2) specifically provides in part:

"In an action where there has been a reference by agreement, the referee's conclusions of law and findings of fact shall be conclusive *unless the order of reference reserves to the parties the right to object to acceptance of the referee's report.*" (Emphasis added)

In Field, McKusick and Wroth, Maine Civil Practice (2d ed.), referring to this portion of Rule 53(e)(2), it is said:

"In a reference by agreement, however, both legal and factual conclusions of the referee are conclusive, unless the order of reference reserves to the parties the right to object to the report."

Thus, it can be said Jordan v. Hilbert, supra, continues to have viability.

1. At the time the appeal in this case was taken jurisdiction of the case remained in the Superior Court until such time as the record on appeal was docketed in the Law Court. No such record on appeal had been docketed at the time the Superior Court Justice dismissed the purported appeal. The conditional dismissal provided by Rule 73(a), M.R. Civ.P., is required when there is "failure to take any such further step within the time prescribed therefor . . . ." This Rule was inapplicable to the facts confronting the presiding Justice, and the dismissal here was grounded solely on appellant's failure to reserve the right to object to acceptance of the Referee's report.

█ This becomes understandable when it is realized that to refer or not to refer, even when there is an agreement of the parties that the case may be tried before a Referee, is a matter only within the discretion of the presiding Justice.

Where the action is one in which equitable relief is sought or the case is sounding in equity, tradition runs against the exercise of an equity court's discretion by someone other than the Equity Justice.

Prior to the adoption of the Maine Rules of Civil Procedure, when a merger was effected between law and equity (M.R.Civ.P., Rule 2), reference of equity cases was not permitted by law. Faxon v. Barney, 132 Me. 42, 165 A. 165 (1933).

It could well have been that the presiding Justice would not have ordered the case to be tried before a Referee, even though the parties agreed thereto, if the proposed Order of Reference contained provision that the findings of fact and conclusions of law of the Referee should be made reviewable by the Law Court.

We must conclude that the presiding Justice was correct in his ruling that the Order entered accepting the Referee's report was not appealable.

█ Since the action taken ordering the reference was the action of the *Court* and not the action of the parties, even though they agreed thereto, the appellees' attorney's letter cannot be considered to have effected a change in the order that the Referee's finding was conclusive, and, therefore, not appealable.

Both parties have prepared excellent briefs, one side assailing the Referee's report as erroneous and the other side in support thereof.

█ The appellant urges us to review the Referee's findings to determine whether or not they are "clearly erroneous" as they allege. Carpenter v. Massachusetts Bonding & Ins. Co., 161 Me. 1, 206 A.2d 225 (1963).

Even though the arguments of both sides are fully briefed, we cannot review such findings and pass judgment thereon. The appeal simply is not before us.

We have no alternative but to dismiss the appeal.

The entry must be,

Appeal dismissed.

All Justices concurring.