**STATE of Maine**

v.

**Alan GOGUEN.**

Supreme Judicial Court of Maine.

Argued March 8, 1985.

Decided March 26, 1985.

William Anderson (orally), Asst. Dist. Atty., Belfast, for plaintiff.

Philip L. Ingeneri (orally), Bangor, Peter K. Mason, Searsport, for defendant.

Before McKUSICK C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justices.

Defendant Alan Goguen of Brooks appeals from the May 17, 1984, action of the Superior Court (Waldo County) dismissing his appeal from two convictions in the District Court (Belfast)[1] because he failed to file his appellate brief in the Superior Court within the time prescribed by the Rules of Criminal Procedure. The Superior Court

---

**1.** Goguen was convicted of carrying a concealed weapon, 25 M.R.S.A. § 2031 (1983), and of fur-
nishing a scheduled drug, 17–A M.R.S.A. § 1106 (1983).

acted fully within its authority in dismissing the appeal, and we affirm that dismissal.

Since the enactment of the "Single Trial Law," 15 M.R.S.A. § 2114 (Supp.1984–1985), effective January 1, 1982, an appeal of a criminal case from the District Court to the Superior Court provides the defendant, not with a trial *de novo*, but only with a review on questions of law. M.R.Crim.P. 93(a). The Superior Court acts as an intermediate appellate tribunal, and its rules of procedure prescribe the time limits within which the District Court record and the briefs of the parties must be filed with the Superior Court clerk. M.R.Crim.P. 93(c) & (e). If a party fails to fulfill his duty to the Superior Court, the rules provide that the court may dismiss the appeal for want of prosecution. M.R.Crim.P. 93(g). In the case at bar Goguen did not file his brief within the required time, or indeed at any time, and thus dismissal was an appropriate sanction.

On November 22, 1983, defendant filed his notice of appeal to the Superior Court. The full District Court record and transcript were on file with the Superior Court on March 13, 1984, and by affidavit defendant's counsel states that he had actual knowledge of that fact prior to March 23, 1984. Under M.R.Crim.P. 93(e), which became effective February 1, 1984, and is applicable to this case by M.R.Crim.P. 59(b),[2] defendant's brief was due within 30 days after the date on which the clerk of the Superior Court mailed notice of the docketing of the record on appeal.[3] In this court defendant contends that because the Superior Court clerk never mailed him notice that the record was complete, the time for filing his brief never started to run. We reject that argument, because it improperly elevates the form of M.R.Crim.P. 93 over its substantive purpose.

■ Rule 93 establishes a timetable for briefing and oral argument in criminal appeals from the District Court. M.R.Crim.P. 93(e) & (f) advisory committee's note, Me. Rptr. 467–478 A.2d LII. In so doing, the rule provides for "simplicity in procedure" and "the elimination of unjustifiable expense and delay." M.R.Crim.P. 2. The rule contemplates that, in most cases, the briefing schedule will begin with the clerk's mailing of notice of a completed record, and the appellant's brief is due 30 days thereafter. In cases such as the one at bar, however, when the appellant has *actual knowledge* of the completed record, Rule 93 cannot be read to extend indefinitely the time for filing until 30 days after the clerk has performed the then unnecessary act of mailing notice. Such a perpetual pendency of appeal would neither simplify the court's procedures nor eliminate unjustifiable delays. Thus, it is the date of actual knowledge and not the date of mailing of notice by the clerk, from which the time for filing briefs must in these circumstances be computed. *Cf. Adams v. Alley*, 340 A.2d 201, 203 (Me.1975) (actual delivery of a copy of a referee's report to counsel fulfilled the requirement of the rule that "the clerk shall forthwith mail to all parties notice of the filing").

---

**2.** M.R.Crim.P. 59(b) reads:

Amendments to these rules will take effect on the day specified in the order adopting them. They govern all proceedings in actions brought after they take effect *and also all further proceedings in actions then pending*, except to the extent that in the opinion of the court their application in a particular action pending when they take effect would not be feasible or would work injustice, in which event the former procedure applies.

(Emphasis added)

**3.** Any argument that "the new rule," M.R.Crim.P. 93(e), would not apply to this case because such an application would "not be feasible or would work injustice," M.R.Crim.P. 59(b), would also result in our affirming the dismissal. Under the former rule, M.D.C.Civ.R. 75A as made applicable by then-existing M.D.C.Crim.R. 39(d), defendant's brief was automatically due to be filed 40 days after the date the complete record was on file in the Superior Court; or, as applied to the facts of the case at bar, by April 23, 1984.

In the case at bar, even though the clerk failed to send him notice, defendant-appellant had full knowledge that the record was complete no later than March 23, 1984. He therefore should have filed his brief with the Superior Court not later than April 22, 1984. Defendant never filed a brief, and the Superior Court on May 17, 1984, acted well within its authority in dismissing his appeal for want of prosecution.

M.R.Crim.P. 93(g). *See generally State v. Wells,* 443 A.2d 60 (Me.1982).

Accordingly, the entry is:

Judgment affirmed.

All concurring.