**Robert CERCENA et al.**

v.

**Donald COTE.**

Supreme Judicial Court of Maine.

Argued March 5, 1990.
Decided March 30, 1990.

---

Frank Underkuffler (orally), Farmington, for plaintiffs.

Alton C. Stevens (orally), Marden, Dubord, Bernier & Stevens, Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY, and COLLINS, JJ.

McKUSICK, Chief Justice.

This case arises from the failed attempt of three partners to build a hunting lodge in Eustis. In 1985 plaintiffs Robert Cercena and George Cohen, visitors to Maine from New York State, and defendant Donald Cote, a resident of Franklin County, entered into an oral agreement to join in building the lodge, with each contributing $15,000 to the project. Cote would build the lodge, would provide the necessary maintenance and pay the taxes and insurance, and would be allowed to use the lodge as the base for his bear-hunting business. Cote also agreed to pay $1,500 interest per year to each of his partners. Cercena and Cohen would have the use of the lodge as they wished when vacationing in the area.

To facilitate the lodge construction, Cote and Cercena opened a joint checking account. After construction on the lodge began, the parties modified their agreement. Cote's obligation would increase to $25,000 and he would be allowed to move his family into the lodge. Cote borrowed the $25,000 for his share from Cercena and the two men signed a contract incorporating both the terms of the loan and of their earlier overall oral agreement for building the lodge.

As construction wore on, the parties' relationship wore thin. Cote did not pay Cercena and Cohen $1,500 per year as agreed. He also failed to pay the property taxes one year. Cercena and Cohen also discovered that Cote was using the joint checking account for personal expenses.

By a complaint filed on March 16, 1987, and an amended complaint filed on March 7, 1988, Cercena and Cohen sued Cote for money allegedly due, for equitable partition, and for other relief. The parties agreed to refer the case to a retired judge pursuant to M.R.Civ.P. 53. After extensive hearings, the referee reported the following recommendations:

1) That Cercena recover $25,000 from Cote for money lent;

2) That Cercena and Cohen each recover $3,000 for interest for two years;

3) That Cercena recovery $867 as reimbursement for real estate taxes paid on Cote's account; and

4) That, in consideration of the parties' respective contributions and other equitable factors, the property be equitably partitioned, with Cercena having the first

right to purchase his partners' shares at a price set by the referee.

The judgment entered by the Superior Court (Franklin County, *Bradford, J.*) adopted in full the referee's recommendations and awarded plaintiffs prejudgment interest and costs. On Cote's appeal, we affirm in all substantial respects.

## I.

### $25,000 Award to Cercena for Money Lent

■ The referee recommended that on his money lent claim Cercena recover $25,-000, the sum he loaned Cote when the parties modified their oral agreement. The referee found that the parties intended their joint checking account to be used exclusively for construction purposes. The referee then concluded that Cote had violated the parties' agreement by his extensive personal use of the account, that Cote's violation constituted a material breach of the parties' agreement, and that therefore the $25,000 loan had become due. Pursuant to M.R.Civ.P. 53(e)(2), the Superior Court is required to adopt the referee's factual findings unless they are clearly erroneous. On appeal, we will uphold the adoption of those findings if there is credible, probative evidence supporting them, even though there may be evidence to support contrary findings. *See Walker v. Provost,* 566 A.2d 749, 750 (Me.1989).

Ample credible evidence supports the referee's findings. Both Cercena and a witness from the bank testified that the account was opened for the exclusive purpose of paying lodge construction expenses. The parties' contract also states that the money was "advanced by Cercena for purposes of construction of [the lodge]." Cote admits using the account for his personal expenses, and the record contains dozens of checks drawn on the account for the personal use of Cote and his family.

The referee was justified in concluding that Cote's misuse of the joint account constituted a material breach of the agree-

ment. When Cote violated material terms of the agreement, he was in total breach and Cercena was entitled to regard the whole transaction at an end. Cote became liable for immediate repayment of Cercena's $25,000 loan to him. *See* 4 *Corbin on Contracts* § 946, at 809–10 (1951).

## II.

### Equitable Partition

■ All parties agreed that equitable partition was the appropriate vehicle to resolve their dispute. Based upon the parties' respective contributions of money, time, and labor, along with other equitable considerations, *see Libby v. Lorrain,* 430 A.2d 34, 40 (Me.1981), the referee concluded that "Cote and Cercena are effectively equal contributors with Cohen to be credited at one-half of their level." Contrary to Cote's contention, that finding is not clearly erroneous.

Both Cote and Cercena contributed roughly equal amounts of money to the lodge construction fund. Cercena provided the liquidity necessary to sustain the project. Cercena also contributed some labor to the project. Cote personally contributed more labor to the project than Cercena and, in effect, served as the general contractor in arranging for others to work on the construction. A significant portion of Cote's time and energy, however, was expended in constructing a garage that his partners did not want or authorize. The referee treated the garage as Cote's personal property to be removed by him from the premises. Cohen contributed significantly less money to the project and virtually no personal labor. Although the evidence might support different findings of fact relative to the parties' respective contributions, the referee's conclusions are not clearly erroneous. *See Harmon v. Emerson,* 425 A.2d 978, 982 (Me.1981).

After determining each party's contribution, the referee recommended that Cercena be given the first option to purchase the other shares in the property.[1] Cercena

1. The referee also recommended that upon Cercena's purchase Cote be allowed ten days to

remove his furnishings and appliances from the lodge's basement. The court adopted "the man-

would be permitted to buy the lodge by tendering to Cohen an amount equal to 20% of the appraised value of the lodge and to Cote 40% of the appraised value, less Cote's indebtedness to Cercena and Cohen on their other claims. The decision to give Cercena the first option to purchase falls well within the equitable discretion of the court. *See Libby v. Lorrain*, 430 A.2d at 40.

Among the three contributors, Cohen has only a 20% equitable interest in the property and, as the referee concluded, should receive last priority in purchasing the property. Although Cercena and Cote contributed equally to the project, the equities between them favor Cercena. Cote committed a material breach of the parties' agreement through extensive personal use of lodge funds, used the property for his business and family rent-free for several years, and, on at least one occasion, interfered with his partners' use of the property. In these circumstances, it was not an abuse of discretion to give Cercena priority.

### III.

### *Award of Interest and Costs*

■ After the Superior Court adopted the referee's recommendations, Cercena and Cohen submitted a bill of costs and a statement of prejudgment interest. They also moved that the court amend the judgment so that the purchase price on the equitable partition would reflect the costs and interest. The court awarded Cercena and Cohen their costs and interest and granted their motion to amend. Contrary to Cote's contentions, we agree that the court acted properly in amending its award, except in one minor respect on prejudgment interest.

Pursuant to 14 M.R.S.A. §§ 1501–1509 (1980), certain costs are automatically awarded to prevailing parties in civil actions unless the court otherwise specifically directs. There can be no doubt that Cercena and Cohen are the prevailing parties in

this case and that they submitted ample evidence to support their costs. *See Dodge v. United Servs. Auto. Ass'n*, 417 A.2d 969, 975 (Me.1980) (court to use functional test for determining who is the prevailing party under 14 M.R.S.A. § 1501).

Prejudgment interest is also controlled by statute. *See* 14 M.R.S.A. § 1602 (Supp. 1989). Section 1602 states the general rule: "prejudgment interest shall accrue from the date on which the complaint is filed." *Id.* With the minor exceptions soon to be noted, all of the monetary recovery by Cercena and Cohen was granted either on claims set forth in the original complaint or on claims in the amended complaint that relate back to the original filing date pursuant to M.R.Civ.P. 15(c). The minor exceptions are the awards of $3,000 apiece to Cercena and Cohen for interest due in June 1987 and 1988 and of $867 to Cercena for reimbursement of real estate taxes he paid sometime after the original complaint. By consent those claims were tried in effect as supplemental pleadings under M.R.Civ.P. 15(d). We remand for the Superior Court to modify its computation of prejudgment interest to start the running of such interest on those sums on the dates on which they respectively became due and payable.

The entry is:

Judgment affirmed, except as to computation of prejudgment interest on Count VIII of the complaint. Remanded for recomputation of that interest in accordance with the opinion herein.

All concurring.

---

ner of sale and distribution of proceeds" recommended by the referee. We find that the referee and the court focused only on the timing and manner of implementing the equitable partition and that ownership of the parties' personal property was not before the court.