**Jean McCall JOSEPHSON**

v.

**Phyllis BURNS.**

Supreme Judicial Court of Maine.

Argued June 15, 1990.

Decided July 13, 1990.

Ricky L. Brunette (orally), Brunette, Shumway & Ryer, Portland, for plaintiff.

Paul F. Macri (orally), Jeffrey Rosenblatt, Berman, Simmons & Goldberg, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Phyllis Burns and Jean McCall Josephson both appeal from the judgment of the Superior Court (Androscoggin County, *Alexander, J.*). This case originally arose from a personal feud between these two women that culminated in Mrs. Josephson filing a complaint against Mrs. Burns and Mrs. Burns filing a counterclaim against Mrs. Josephson. Mrs. Josephson's complaint alleged harassment, slander, invasion of privacy, and intentional infliction of emotional distress. Mrs. Burns's counterclaim alleged trespass, assault and battery, defamation, invasion of privacy, intentional and negligent infliction of emotional distress, and sought to recover punitive damages.

The Superior Court (Androscoggin County, *Cole, J.*), by agreement of the parties, referred the case for trial to an appointed referee, pursuant to M.R. Civ. P. 53. In their agreement for reference both parties waived their right to object to the Superior Court's acceptance of the referee's report. After a lengthy hearing at which the referee heard extensive testimony and received a formidable amount of documentary evidence, the referee made extensive findings of fact, found that each party had alleged several counts under which she might recover as a matter of law, and recommended entry of a single judgment in the amount of $36,900, plus interest and costs, in favor of Mrs. Burns. The $36,900 judgment represented the difference between the referee's recommended award of $40,000 for Mrs. Burns on her counterclaim and that of $3,100 recommended for Mrs. Josephson on her complaint.

Despite the parties' waiver of their rights to object, both parties filed objections to the referee's report. The Superior Court considered these objections at a hearing, and then entered a judgment adopting the referee's recommendation with slight modification. This appeal followed.

■ For non-jury cases tried before a referee, M.R. Civ. P. 53(e)(2) provides:

In an action where there has been a reference by agreement, the referee's conclusions of law and findings of fact shall be subject to the right of the parties to object to acceptance of the referee's report. *On waiver by all parties of the right to object to acceptance of the referee's report, the court shall forthwith enter judgment on the referee's report.*

(Emphasis added).

Under the clear language of this rule, the choice of Mrs. Josephson and Mrs. Burns to waive their rights to object to the Superior Court's acceptance of the referee's recommendation was binding. Accordingly, we find that neither party has preserved any issues of law for us to review. *See* Field, McKusick & Wroth, *Maine Civil Practice*, § 53.4 at 341 (Pamph.1981) ("failure to reserve the right to object waives not only review by the Superior Court, but also precludes an appeal to the Law Court") (citing *Ingham v. Tzikas* 320 A.2d 665, 667–68 (Me.1974)). We see no reason why the parties, who availed themselves of the benefits of trial by a referee under rule 53, should now be permitted to escape the confines of that rule by proceeding with the present appeal.

We are not, of course, powerless to correct obvious injustice that might result from entry of a judgment on a referee's findings.

The general Law Court jurisdiction statute, 14 M.R.S.A. § 1851, allows the appeal of "any judgment." The acceptance of the referee's report clearly constitutes a judgment. Such an appeal [from a judgment entered on a referee's findings to which the parties have waived the right to object] would be limited in scope, however, at most reaching only manifest error.

Field, McKusick & Wroth, *Maine Civil Practice*, § 53.4 at 341–42 (Pamph. 1981).

Our review of the record reveals no manifest error in the substance of the judgment of the Superior Court that adopted the referee's recommendation.

■ We do find error in the form of the Superior Court's judgment, however. Where, as here, both parties have requested separate judgments on the counterclaim and the complaint, the entry of a single judgment is inappropriate.[1]

The entry is:

Judgment vacated; remanded for entry of the following judgment: Judgment for plaintiff Josephson on her complaint for $3,100 plus interest; judgment for defendant Burns on her counterclaim for $40,000 plus interest and costs.

All concurring.

---

1. We find the present case, in which both parties have requested the entry of separate judgments, to be distinguishable from *Brown v. Gillen,* 569 A.2d 1206 (Me.1990) (in which we directed the entry of a single judgment for the party whose verdict was larger in sum and equal to the difference between the two verdicts). In *Brown,* one party requested entry of a single judgment and the other party did not object. *Id.* at 1216.