STATE OF MAINE

CUMBERLAND, ss.

APR 2 2004

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-651
RAC - CUM - 4/22/2004

DANIEL G. and TINA J. LIBBY,

    Plaintiffs

v.

                               ORDER

JONATHAN P. VACHON and

KAYLA C. FAVREAU VACHON

MAY 13 2004

Before this court is Plaintiff, Daniel G. Libby and Tina J. Libby's (collectively "Libby") Motion to Confirm Referee's Report and Opposition to Objections to Referee's Report.

## FACTS

Plaintiff Libby resides in Brunswick, Maine. Defendants, Jonathan P. Vachon and Kayla C. Vachon (collectively "Vachon") are Plaintiff Libby's neighbors. Plaintiff Libby's residence is located on land that was once heavily wooded. Plaintiff Libby's family, however, cut this wood down over the years, and ultimately a lawn, driveway, outbuilding and house were added.

As a result of many factors, surface water began to collect and pool on Plaintiff Libby's land. Consequently, Plaintiff Libby constructed a culvert to change the surface water drainage system. This culvert, however, led the surface water to Defendant Vachon's property. Accordingly, Defendant Vachon intentionally blocked the culvert on Plaintiff Libby's land.

Therefore, Plaintiff Libby filed a Complaint in Cumberland County Superior Court, which was submitted by this court to a referee, pursuant to M.R. Civ. P. 53(b)(1).

## DISCUSSION

Plaintiff Libby argues that the Referee's Report is correct as a matter of law and therefore should be confirmed by this court. Conversely, however, Defendant Vachon asserts that this court should only adopt paragraphs 1 and 2 of the Referee's Report, because the remedies contained in the remaining paragraphs exceed the scope of the Referee's authority, are not supported by the facts in the record and are inequitable.

Rule 53 enables the Superior Court to appoint a referee to assist in the disposition of a pending case. M.R. Civ. P. 53. Rule 53 also requires the Superior Court to adopt the referee's factual findings unless they are clearly erroneous. Id. at (e)(2). On appeal, the Law Court will uphold the court's adoption of those factual findings if there is credible, probative evidence supporting them, even though there may be evidence to support contrary findings. Cercena v. Cote, 572 A.2d 487, 489 (Me. 1990) (citation omitted). Furthermore, unless the referee's powers are limited pursuant to M.R. Civ. P. 53(c), the referee may exercise the same discretionary powers available to the Superior Court in disposing of the case. Adams v. Alley, 340 A.2d 201, 205-6 (Me. 1975).

First, Defendant Vachon contends that the referee lacks the equitable authority to require him to aid in removing the culvert and split the costs for obtaining a soil hydrologist to solve Plaintiff Libby's water problems. (See Referee Decision at ¶¶ 3-6.)

The Law Court has held that:

> [u]nder a merger of law and equity, referees should be encouraged to exercise intelligent discretion in framing just relief. The pleadings before the referee presented factual allegations and legal issues fully adequate in scope to warrant the findings and relief reported by the referee.

Adams 340 A.2d at 206. Accordingly, this court finds that in this case the referee possessed the power to make an equitable decision.

Next, Defendant Vachon asserts that the referee's conclusions are not supported

2

by the facts as presented in this case. The referee's decision in this case found that both parties created a nuisance on the others land. (Referee Decision at 10-11.) Specifically, the Referee found that "Defendants intentionally blocked the culvert on Plaintiffs' land, an activity beyond the scope of their rights as easement holders. Plaintiffs' intentionally diverted water from their land to Defendants' land, over Defendants' objections. Both parties intended to cause at least inconvenience, if not greater harm, to the other." Id. at 6.)[1] In addition, the Referee held that:

> [a]lthough there is conflicting testimony, I am persuaded that prior to construction, there was surface water flow, but not a defined watercourse, from what is now Plaintiffs' land to what is now Defendants' land, as part of a multi-directional surface water drainage pattern. The road, built for the mutual benefit of both parties, necessarily interfered with that pattern, and should have been designed and built to compensate for that interference.

Id. at 10.

Ample credible evidence in the record supports the referee's findings. Mr. Estes, a lay witness, testified that there was no evidence of any streams on the property in question when he owned it. (October 16-17, 2003 Transcript at 284.) In addition, Defendant Kayla Vachon testified that prior to Plaintiff Libby landscaping the area and installing the road, water did not pool in the area in question. Id. at 325.

Defendant Kayla Vachon further testified, however, that after the landscaping was completed she noticed ponding on Plaintiff Libby's property. Id. at 326. Conversely, Plaintiff Libby testified that ponding occurred on his property immediately following the construction of the road and prior to the landscaping. Id. at 87-88. Although, based on this evidence, a contrary conclusion could be reached this court finds that the referee's decision was justified and is not clearly erroneous. M.R. Civ. P.

---

[1] The record adequately supports these conclusions. (October 16-17, 2003 Transcript at 88; 326-28; 357-60.)

3

53(e)(2); <u>Cercena</u>, 572 A.2d at 489.

Finally, Defendant Vachon argues that the referee's remedies are inequitable. This court disagrees, for the reason that the referee had before him evidence that both parties took steps to cause a nuisance on the others land. Moreover, both parties testified that they mutually agreed to construct the road, but failed to provide proper drainage solutions. (October 16-17, 2003 Transcript at 317.) Therefore, taking all of the relevant factors into account, this court concludes that the referee's decision properly balanced the equities presented in this case.

WHEREFORE, this court **GRANTS** Plaintiff Libby's Motion to Confirm the Referee's Report, pursuant to M.R. Civ. P. 53.

Dated: April 22, 2004

Roland A. Cole
Justice, Superior Court

4

COURTS
nd County
x 287
e 04112-0287

FRANK K N CHOWDRY ESQ
PO BOX 4510
PORTLAND ME 04112

COURTS
d County
x 287
e 04112-0287

ROGER THERRIAULT ESQ
48 FRONT STREET
BATH ME 04530