CAROL TEULON *v.* NORMAN JOHNSON ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 033203
WATERBURY

Memorandum filed February 1, 1980

*Perelmutter & Potash,* for the plaintiff.

*Feeley, Nichols, McDermott & Kernay,* and *Voog, Simmons & Voog,* for the defendants.

JAMES T. HEALEY, J. In the basic action, the plaintiff claimed injury to real property by reason of diversion by adjoining property owners of surface water. The original defendants then activated the provisions of Practice Book, 1978, § 117 and General Statutes § 52-102a to cite in a third party. The third-party amended complaint in essence alleges that if the plaintiff suffered damages, those damages were caused by acts of the third-party defendant and not by anything done by the original defendants who are now third-party plaintiffs. To put it another way, the theory of the third-party complaint is not that the third-party defendant is liable to the third-party plaintiffs, but that it is directly liable to the plaintiff in chief. The third-party defendant has moved to strike the amended third-party complaint.

The operative words of both the statute and the rule are: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him."* (Emphasis added.)

On the face of the pleadings, the third-party plaintiffs do not spell out a claim on their part. Essentially, they state that the plaintiff in chief has sued the wrong parties which, if proven, would clearly constitute a defense.

Both the statute and the rule are based upon rule 14 of the Federal Rules of Civil Procedure. The committee note of 1966 to rule 14 is pertinent: "Rule

14 was modeled on Admiralty Rule 56. An important feature of Admiralty Rule 56 was that it allowed impleader not only of a person who might be liable to the defendant by way of remedy over, but also of any person who might be liable to the plaintiff. . . . This feature was originally incorporated in Rule 14, but was eliminated by the amendment of 1946, so that under the amended rule a third party could not be impleaded on the basis that he might be liable to the plaintiff." 3 Moore, Federal Practice (2d Ed.) ¶ 14.01 [10].

Also pertinent is the committee note of 1946 to rule 14: "The provisions in Rule 14 (a) which relate to the impleading of a third party who is or may be liable to the plaintiff have been deleted by the proposed amendment. It has been held under Rule 14 (a) the plaintiff need not amend his complaint to state a claim against such third party if he does not wish to do so. . . . '[T]he weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third party complaint the third party as an additional defendant directly liable to the plaintiff.' Thus impleader here amounts to no more than a mere offer of a party to the plaintiff, and if he rejects it, the attempt is a time consuming futility." 3 Moore, Federal Practice (2d Ed.) ¶ 14.01 [3].

In view of the clear wording of both the rule and the statute, reinforced by the history of third-party practice, it must be held that, insofar as the amended third-party complaint does not set forth the liability of the third-party defendant to the third-party plaintiffs, the motion to strike must be granted.