[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The third party defendant moves to strike the third party plaintiffs' breach of contract claim on the ground that such claim may not be joined with a negligence indemnification claim brought pursuant to Connecticut General Statute 52-102a, the Connecticut Impleader Statute.
This is an action by Parkridge Trust, et al., third party plaintiffs, who have properly impleaded Hallsey, et al., third party defendants, pursuant to General Statute 52-102a
claiming indemnification and breach of contract.
Count One of third party plaintiffs' original complaint alleged that third party defendants were joint and severally liable in contract for any damages awarded first party plaintiffs against third party plaintiffs. Third party defendants successfully moved to strike this count on the ground that third party plaintiffs failed to allege any basis for contractual indemnification.
Third party plaintiffs filed a revised complaint on January 4, 1991, and in Count One, they now allege only a breach of contract claim and resulting damages, having deleted the indemnification language from the count.
Third party defendants argue in their motion to strike Count One that third party plaintiffs still fail to allege any basis for a contract indemnification claim. CT Page 7263
Third party plaintiffs maintain that they are no longer seeking contract indemnification, but merely damages for breach of contract, in addition to negligence indemnification under General Statute 52-102a, and are permitted to join the two claims.
A motion to strike tests the legal sufficiency of a complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161
(1988). It admits all facts well-pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In considering a motion to strike all facts must be viewed in a light most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82-3
(1980). The granting of a "Motion to Implead" under General Statute 51-102a and Practice Book 117 limit the claims of the third party plaintiff to indemnification for plaintiffs' claims. State v. Kement, et al., 12 Conn. L. Trib. No. 7,20-1 (February 17, 1986, O'Neill, J.).
Section 52-102a, the impleader statute, is based on Rule 14(a) of the Federal Rules of Civil Procedure. Middlesex Mutual Assurance Co. v. Black, 40 Conn. Sup. 63, 65 (1984). When applying Rule 14(a), federal cases limit third party plaintiff claims to those of indemnification or contribution, dismissing all others. Kement, 12 Conn. L. Trib. at 21.
A different result is reached when Federal Rule 18(a) is read in conjunction with Rule 14(a). Id. at 21. Connecticut has no rule analogous to Rule 18(a). Id.
Third party plaintiffs may not join their breach of contract action with their indemnification claim. Accordingly, third party defendants' motion to strike is granted.
M. Hennessey, J.