[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendants' motions to strike counts one through nine of the plaintiff's complaint.
The first motion to strike was filed by the defendant Goodwin claiming that the plaintiff obtained no enforceable rights from an assignment of rights and that the assignment is against public policy. The co-defendant, Maryland Casualty, subsequently filed a similar motion.
Goodwin's motion addresses counts one through four of the complaint and Maryland's motion addresses counts five through nine. Since both of the motions raise the same legal issue, this memorandum is dispositive of both motions.
Plaintiff alleges that the decedent was fatally injured while working on a house owned by the Backmans. He was an independent contractor hired by White-Wheeler.
In a separate action, plaintiff sued White-Wheeler and the Backmans and subsequently entered into a stipulated CT Page 783 judgment with White-Wheeler in the amount of five hundred thousand dollars ($500,000). The stipulated judgment entered by the Superior Court provides in pertinent part:
 3. The Defendant, White, Wheeler and Co., Inc., is indebted to and owes the Plaintiff the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) as full settlement of this litigation by the Plaintiff directed against White, Wheeler and Co., Inc.
 4. In order to induce the Plaintiff to enter into this Stipulated Judgment, the Defendant, White, Wheeler and Co., Inc., . . . has represented that (it) is essentially assetless except for contract and/or tort claims and rights it may have against its former insurance agents, Goodwin, Loomis and Britton, Inc., . . . or others, relating to insurance contract matters between them, including but not limited to rights related to a binder issued by Goodwin, Loomis and Britton, Inc. on June 26, 1989 on behalf of White, Wheeler and Co., Inc.
 5. The Defendant, White, Wheeler and Co., Inc., . . . agrees to assign all tort and contract claims and rights it has against Goodwin, Loomis and Britton, Inc., or others. . .so the Plaintiff may litigate these rights and claims in pursuance of satisfaction of this Judgment.
 6. The Plaintiff,. . .provided he receives the said signed Assignment and the Court orders this Stipulated Judgment accepted, agrees to pursue collection and satisfaction of this. . .Judgment. . .solely through enforcement and pursuance of the above-described rights and claims and to otherwise release White, Wheeler and Co., Inc. and its officers from further liability regarding the payment and satisfaction of this Judgment.
It is by virtue of this assignment of claims "and/or by virtue of the judgment ordered by the Superior Court" that plaintiff seeks satisfaction of the judgment from the CT Page 784 defendants.[1]
The gravamen of the complaint is that defendants breached their contract with White-Wheeler, they acted in bad faith and that their actions violated Connecticut Unfair Trade Practices Act (CUTPA).
The motions to strike the claim that the complaint is legally insufficient and fail to state a claim on the grounds that:
 a. Plaintiff has gained no enforceable right through the assignment of claims; and
 b. The assignment is against public policy.
The motion to strike is the proper way to challenge the legal sufficiency of a pleading. Middlesex Mutual Assurance Co. v. Black, 40 Conn. Sup. 63, 64 (1978); Conn. Practice Book Section 152 (1978). The motion does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). The facts alleged in the challenged pleading are to be construed in the most favorable way for the pleader. Amodio v. Cunningham,182 Conn. 80, 82 (1980). If facts could necessarily be implied and fairly proved under the allegation which would support a cause of action or defense, the motion to strike must fail. Mingachos v. C.B.S., Inc., 196 Conn. 91, 108-09 (1985); Schmidt v. Yardney, 4 Conn. App. 69, 74 (1985).
Defendants raise a series of arguments in support of their claim that the complaint is legally insufficient. They first argue that the insurer agrees under a typical policy to only pay amounts which the insured becomes legally obligated to pay and since the assignment releases the insured from the obligation to pay, a fortiori, there is nothing for which to indemnify the insured. Defendants also argue that assignments and release agreements are against public policy because they are collusive.
Plaintiff counters by arguing that the language of the release should not be construed to extinguish the basis for the assignment and the release and agreement should not be, ipso facto, collusive. Such claims as fraud and collusion should be dealt with on the merits rather than by a motion to strike. CT Page 785
As indicated above, this appears to be a case of first impression in Connecticut, the issue of assignment of release never having been addressed before by any reported Connecticut decisions.
Other jurisdictions have addressed this issue, however. They have recognized that there are competing policies, i.e., the right of the insured to protect against bad faith conduct of the insurer versus the risk that such assignments promote collusion between the insured and the assignee.
These opposing policies are best expressed in Freeman v. Schmidt Real Estate Insurance, Inc., 755 F.2d 135
(8th Cir. 1985); and Gray v. Grain Dealers Mutual Insurance Co., 871 F.2d 1128 (D.C. Cir. 1989). The line of cases which follow Freeman generally hold that consent judgments for which an insured is not personally liable are unenforceable and/or per se unreasonable.
Those jurisdictions following the Gray reasoning refuse to construe such agreement as negating the insurer's liability or to be inherently fraudulent. In declining to find the assignment unenforceable and inherently fraudulent, the court in Gray stated (w)e think (a) self destruct interpretation of the document can only be adopted for policy reasons quite apart from appropriate legal methods of document construction." Id., 1133-34.
There are a line of cases that such agreements are not collusive per se, and place the burden of proving that the settlement was reasonable and prudent on the plaintiff. These cases obviously would survive motions to strike or for summary judgment. See United Service Automobile Assn. v. Morris,154 Ariz. 113, 741 P.2d 246, 253-54 (1987); Miller v. Shugart,316 N.W.2d 729, 734-36 (Minn. 1982); and Griggs v. Bertram,88 N.J. 347, 443 A.2d 163 (1982).
Since collusion, like fraud, is property pled as a special defense under Connecticut law, and since the court is compelled to view the allegation in the light most favorable to the plaintiff when confronted with a motion to strike, the better view would appear to place the burden of proof on the plaintiff and deny the motion to strike.
The motions to strike are hereby denied.
MIHALAKOS, J.