[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #127
On January 15, 1997, the plaintiffs, Deborah A. Beverage and David William Beverage, filed a two count complaint against the defendant, Thomas W. Every, D.D.S. David William Beverage brings the first count of the complaint as the executor of the estate of Deborah A. Beverage. Count one alleges negligence by the defendant in his treatment of Deborah Beverage's orthodontic conditions. According to the plaintiffs' complaint, Thomas Every used orthodontic appliances on Deborah Beverage which caused cancerous lesions on her tongue that went untreated by Thomas Every and eventually led to her death. Count two of the complaint is brought by David Beverage for loss of the care, companionship, and consortium of his wife, Deborah Beverage. On January 21, 1997, the defendant filed his answer in which he denied the plaintiffs' allegations.
On May 27, 1997, this court granted the defendant's motion to implead Alexis Bouteneff, M.D. as a third party defendant. On May 30, 1997, the defendant, as third party plaintiff, filed a complaint against the third party defendant. According to the complaint, Bouteneff undertook treatment of Deborah Beverage in August 1994 and neglected to biopsy the lesion on Deborah Beverage's tongue. Thus, Every seeks indemnification by Bouteneff for any judgment rendered against Every in the Beverage's lawsuit.
On July 25, 1997, Bouteneff filed a motion to strike Every's complaint on the ground that the complaint fails to satisfy the necessary requirements for an indemnity claim. Pursuant to Practice Book § 155, Bouteneff filed a memorandum of law in support of his motion to strike. On August 18, 1997, Every filed a memorandum of law in opposition to the motion to strike. Finally, on October 27, 1997, Bouteneff filed a supplemental CT Page 12259 memorandum in support of his motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of his motion to strike, Bouteneff argues that Every is not entitled to indemnification because he cannot establish that his conduct was merely passive or secondary. Also, Bouteneff claims that Every's complaint does not set forth facts to prove Bouteneff was in control of the situation at the time of the accident.
In his supplemental memorandum, Bouteneff argues that Every's complaint should be stricken because it fails to state an indemnity action pursuant to General Statutes § 52-102a. Specifically, Bouteneff argues that a third party complaint must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him. Bouteneff interprets this requirement to mean that the third party plaintiff is bound to the language of the plaintiff's complaint in forming any complaint against a third party defendant. Hence, Bouteneff argues that because the Beverages' complaint against Every alleges a breach of the standard of care for orthodontics, and because Bouteneff is not an orthodontist, there could be no finding that Bouteneff was responsible for such a breach. CT Page 12260
Also, the supplemental memorandum argues that in order to prove an indemnification action there has to be an allegation that the third party defendant's negligence was the direct and immediate cause of the plaintiff's injuries. Bouteneff argues that Every's indemnification complaint does not allege facts to support such a conclusion. Similarly, Bouteneff's supplemental memorandum argues that Every's complaint does not allege facts to support the conclusion that Bouteneff was in control of the situation to the exclusion of Every nor that Every could rely on Bouteneff not to be negligent.
Every argues that this court should not grant Bouteneff's motion to strike because issues of causation and exclusive control are not properly decided upon a motion to strike.
"[A] third party complaint must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity. These elements are: (1) that the other tortfeasor was negligent; (2) that [Bouteneff's] negligence, rather than [Every's], was the direct, immediate cause of the accident and injuries; (3) that [Bouteneff] was in control of the situation to the exclusion of [Every]; and (4) that [Every] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on [Bouteneff] not to be negligent." (Citations omitted; internal quotation marks omitted). Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698,694 A.2d 788 (1997). "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him." Commissionerv. Lake Phipps Land Owners Corp., 3 Conn. App. 100, 102,485 A.2d 580 (1985).
This court will first address whether the fundamental and threshold requirement of alleging that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him has been met. The requirement is found in General Statutes § 52-102a and its mirror image, Practice Book § 117. As applied in Commissionerv. Lake Phipps Land Owners Corp., the significance of this pleading requirement is that Every's complaint should have alleged that Bouteneff is or may be liable to Every for all or part of the plaintiff's claim against him. Nowhere in Every's complaint does it allege that Bouteneff is or may be liable to CT Page 12261 Every for all or part of the Beverages' claim against Every. Ordinarily, this pleading deficiency would constitute a basis to grant Bouteneff's motion to strike. Teulon v. Johnson,36 Conn. Sup. 134, 136, 414 A.2d 818 (1980). However, Bouteneff's motion to strike misinterprets the significance of this requirement to mean that Every's complaint, like the Beverages', had to allege that Bouteneff breached the standard of care for orthodontics. Because Bouteneff has not properly briefed this ground in support of his motion to strike, it is not relied upon in granting the motion to strike.
Before discussing the legal insufficiencies of Every's complaint, this court will address the argument Every makes in opposition to the motion to strike. Again, Every argues that the motion to strike should not be granted because the issues of causation and exclusive control are not properly decided upon a motion to strike. Rather, Every argues, such issues present questions of fact to be determined by the trier of fact. Every's argument is misplaced. In considering a motion to strike, the role of the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action."Napoletano v. Cigna Health Care of Connecticut Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert denied, ___ U.S. ___, ___ S.Ct. ___, 137 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996).
Conversely, a motion for summary judgment is particularly "ill-adapted to negligence cases, where the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 42 Conn. App. 563, 568, 680 A.2d 333
(1996), cert. granted, 240 Conn. 948, ___ A.2d ___ (1997). Because a motion to strike is before the court, the court determines whether the facts alleged in the complaint state a legally sufficient cause of action, not whether there is a genuine issue of material fact.
Every's complaint fails to allege any facts to establish the second, third, and fourth elements of a common law action for indemnity. Rather, Every merely asserts the legal conclusions CT Page 12262 that: Bouteneff's negligence was the direct and immediate cause of Deborah Beverage's injuries, Bouteneff was in control of the situation to the exclusion of Every, and Every could reasonably rely on Bouteneff not to be negligent. Because Every's complaint alleges mere conclusions of law that are unsupported by the facts alleged, Bouteneff's motion to strike is granted. NovametrixMedical Systems Inc. v. BOC Group, Inc., supra, 224 Conn. 215. Accordingly, Every's prayer for relief also is stricken.
HON. WALTER M. PICKETT, JR. State Judge Referee