GARDNER R. MORRILL, APPELLANT
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Cumberland.   Opinion, September 14, 1956

*Boyd L. Bailey,*
*Miles Frye and*
*Neal L. Dow, Asst. Attys. General,* for State.

*Edward J. Beauchamp,* for Appellant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

TAPLEY, J.   On exceptions.   Gardner R. Morrill, the appellant, is the operator of a general store in Harrison, Maine.  He objected to a sales tax assessment made by the State Tax Assessor and petitioned the assessor to reconsider the assessment.  The assessment was reconsidered but no change was made.  The appellant appealed from the decision of the State Tax Assessor to the Superior Court, within and for the County of Cumberland, whereupon the parties

agreed to refer the action with right to except as to matters of law reserved by both parties. The referee, after hearing, dismissed the appeal. Objection to the allowance of the report of the referee was filed by the appellant. The report of the referee was accepted and allowed, whereupon appellant filed exceptions to the acceptance and allowance of the report.

There is a grave question whether this is a type of action which is capable of reference. The right of appeal in a sales tax case, such as this, finds its source in Chap. 17, Sec. 33 of R. S. 1954. This Sec. 33 being the appeal section, prescribes the procedure as to the taking of the appeal and is worded as follows:

> "Sec. 33. Appeal. Any taxpayer aggrieved by the decision upon such petition may, within 30 days after notice thereof from the assessor, appeal therefrom to the next term of the superior court to be begun and held more than 30 days after such notice of said decision in any county where he has a regular place of business for making retail sales, or, if he has no such place of business within the state, to such term of the superior court in Kennebec county. The appellant shall, on or before the 3rd day of the term to which such appeal is taken, file an affidavit stating his reasons of appeal and serve a copy thereof on the assessor, and in the hearing of the appeal shall be confined to the reasons of appeal set forth in such affidavit. Jurisdiction is granted to the superior court to hear and determine such appeals and to enter such order and decrees as the nature of the case may require. Hearings may be had before the court in term time or any justice thereof in vacation and the decision of said court or justice upon all questions of fact shall be final. Decisions shall be certified to the tax assessor. (1951, c. 250, Sec. 1.)"

Attention is called to the fact that this section, among other provisions, provides that the appellant shall file an affidavit

stating his reasons of appeal and, at a hearing of the appeal, he shall be confined to the reasons of appeal. Jurisdiction is specifically granted to the Superior Court to hear and determine appeals of this kind and to enter such orders and decrees as the nature of the case may require. The hearings may be had before any justice of the Superior Court and the decision of the court or justice on all questions of fact shall be final. The right by which cases are referred is provided in Sec. 93 of Chap. 113, R. S. 1954. The authority given by this statute has been defined in some instances by decisions of this court. Reference of cases is authorized by provisions of statute. The jurisdiction of referees cannot be conferred by consent. Bills in equity cannot be submitted to reference. *Faxon* v. *Barney*, 132 Me. 42. A situation analogous to the present problem would be probate appeals which have their origin in statutory enactment. The case of *Chaplin, Appellant,* in 131 Me. 187, holds that although reference was by consent of the parties, the referring of a probate appeal was not legally proper and could not be subject to reference under the statutory provisions. A referee is not a court. *Lipman Brothers, Inc.* v. *Hartford Accident & Indemnity Co.,* 149 Me. 199. It is interesting and significant to note a similarity of provisions in the statutes providing for probate appeals and for appeals from the assessment of sales taxes, in that both provide for the filing of reasons of appeal and hearing confined to reasons of appeal. A most important provision of the appeal section of the sales and use tax law is that of the jurisdictional portion which specifically grants to the Superior Court the authority not only to hear the appeal but also "to enter such order and decrees as the nature of the case may require." The statute further provides that "Hearings may be had before the court in term time or any justice thereof in vacation and the decision of said court or justice upon all questions of fact shall be final. Decisions shall be certified to the tax assessor." This appeal process, like that of the Probate Court, is

defined by statute and must be considered as giving no more authority than is expressed. Accordingly, the only method provided for the hearing of appeal is "before the court in term time or any justice thereof in vacation." The Legislature has seen fit to particularly grant jurisdiction in this type of appeal to the Superior Court without right of delegation of authority for any other method of determination. Like probate appeals, assessment appeals under the sales and use tax law are of statutory origin and must be construed strictly according to the statute. *Chaplin, Appellant, supra.* Jurisdiction is precisely and definitely granted to the Superior Court. There is no interpretation of the specific directions as to hearing that permits of reference.

The presiding justice was without authority to accept the report of the referee.

*Exceptions sustained.*