Paul H. SILVERMAN,[1] et al.

v.

TOWN OF ALTON, et al.[2]

Supreme Judicial Court of Maine.

Argued June 14, 1982.

Decided Oct. 13, 1982.

**1.** The instant action was originally brought by Howard R. Neville, the then President of the University of Maine at Orono, and his four co-trustees of the Hirundo Wildlife Trust. Mr. Neville died during the pendency of the litigation and, in accordance with the stipulation of counsel for the parties at oral argument, Paul H. Silverman, the present President of the University of Maine at Orono, has been substituted as party plaintiff in his capacity of successor trustee. Thus, the caption of the case has been amended to reflect the change.

**2.** We have deleted the name of Bettina Willey in her capacity as Tax Collector for the Town of Alton as a party defendant, since the instant action was commenced after the 1978 tax involved in these proceedings had been paid to the Town under protest and the tax collector was thereafter not a proper party under the circumstances.

Twitchell, Linscott & Badger, P. A., Frederick J. Badger (orally), Bangor, for plaintiffs.

Goodman & Kornreich, Michael E. Goodman (orally), Bangor, for defendants.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

The issue in this case is whether certain real estate owned by the plaintiff-appellants as trustees of the Hirundo Wildlife Trust is exempt from taxation under 36 M.R.S.A. § 652. After a jury-waived trial in which the plaintiffs sought a declaratory judgment against the Town of Alton and the three individual defendants in their capacities as members of that town's Board of Tax Assessors, and against the town for reimbursement of the amount paid under protest in connection with the assessment of the 1978 tax on the trust property, the Superior Court, Penobscot County, ordered that a declaratory judgment issue to the effect that the plaintiffs as said trustees are not exempt from taxation respecting the property of the trust in the Town of Alton, and also judgment for the defendants against the plaintiffs. The plaintiffs have appealed from the ensuing Superior Court judgment. We affirm.

By trust indenture dated February 16, 1978, Oliver S. Larouche created the Hirundo Wildlife Trust for the following purposes:

> This Trust is organized and shall be operated exclusively to preserve and maintain the Hirundo Wildlife Refuge for the sole benefit of the University of Maine. The Hirundo Wildlife Refuge shall be a sanctuary and place of protection for wild animals, fish, birds, and other wildlife.

By its terms, the trust is irrevocable. By deed of the same date, February 16, 1978, Oliver S. Larouche conveyed to Howard R. Neville, himself Oliver S. Larouche, J. Roland Larouche, Virgil V. Larouche and Charles R. Larouche, as trustees of the Hirundo Wildlife Trust, approximately 350 acres of land in Alton, Maine, for use as the reference wildlife refuge. Oliver Larouche, the settlor, is the chairman of the board of trustees which, besides the president of the University of Maine at Orono, consists of four members of the Larouche family.

The defendants contend that the legal title to the real estate is vested in the trustees and, as such, they are not exempt from taxation under any of the provisions

of section 652. They are not exempt under subsection (1)(A), because they are not incorporated by this State as a benevolent and charitable institution. They are not exempt under subsection (1)(B), because they are neither a literary nor a scientific institution. The plaintiffs argue, on the other hand, that, where the legal title is vested in the trustees for the alleged sole benefit of the University of Maine, which, so they assert, is a scientific institution, ownership of the equitable or beneficial title by such an institution brings the property within the tax exemption of the statute while the property is used by the cestui que trust for such purposes.

 We begin with the basic premise that, in construing a tax exemption statute, the underlying deep-seated policy of this Court is that taxation is the rule and tax exemption is the exception. *Pentecostal Assembly, etc. v. Maidlow,* Me., 414 A.2d 891, 893 (1980); *Hurricane Island Outward Bound v. Town of Vinalhaven,* Me., 372 A.2d 1043, 1046 (1977). Thus, tax exemption statutes must be strictly construed, which means that all doubt and uncertainty as to the meaning of the statute and legislative intendment must be weighed against exemption. *Hurricane Island, supra,* at 1046; *Nature Conservancy, etc. v. Town of Bristol,* Me., 385 A.2d 39, 42 (1978). The plaintiffs as the party claiming the exemption have the burden of establishing it and must bring their case clearly within the spirit and intent of the act creating the exemption. *Pentecostal Assembly, supra,* at 893; *Nature Conservancy, supra,* at 43; *Holbrook Island Sanctuary v. Brooksville,* 161 Me. 476, 483, 214 A.2d 660, 664 (1965). Furthermore, an exemption from taxation, while entitled to reasonable interpretation in accordance with its purpose, is not to be extended to situations not clearly within the scope of the statutory provisions. *Harold MacQuinn, Inc. v. Halperin,* Me., 415 A.2d 818, 820 (1980).

 The pertinent exemption statute, 36 M.R.S.A. § 652(1)(B), provides as follows:

The following property of institutions and organizations is exempt from taxation:

1. *Property of institutions and organizations.*

. . . .

B. The real estate and personal property owned and occupied or used solely for their own purposes by literary and scientific institutions.

Pointing to the beneficial interest of the University of Maine awarded by the trust instrument in the instant case, the plaintiffs claim that the statutory requirement of ownership by the scientific institution, the University, must be viewed as satisfied, even though under the trust agreement the claim of ownership must rest at best on the basis of an equitable title, notwithstanding that the "legal" title is vested in the trustees. True, the trust document provides that

[t]o the extent that funds are available in the Trust, the Trustees shall utilize such funds (whether income or principal) for such of the following purposes as they deem appropriate:

. . . .

C. Use of the Premises, in conjunction with programs of the University of Maine, for academic purposes, including but not limited to biological, ornithological, ecological, geological, civil engineering and surveying research, studies and projects, and for archeological research, including archeological excavation or excavations on the premises, provided that upon the completion of such excavation or excavations, the Premises are restored as nearly as possible to a natural state.

. . . .

E. Use of the Premises for such other scientific and educational activities of the University as the Trustees deem appropriate, so long as such activities (1) are consistent with the preservation and maintenance of the wildlife on the Premises, or (2) provide scientific knowledge and training aids which do not harm the wildlife on the Premises, or (3) improve the forests and fields on the Premises in a manner consistent with its character as a wildlife refuge.

However, the Hirundo Wildlife Trust set up by Oliver Larouche, the donor of the real estate upon which the Town of Alton claims the right to assess a tax for municipal purposes, is not of the "dry trust" variety, wherein courts may have looked upon the holder of the equitable title as possessed of all the attributes of ownership which flow from ownership of the legal title. Indeed, the trust indenture, in its attempt to guarantee that the settlor's intent be carried out at all times

—said real property be retained in perpetual trust as a wildlife refuge and sanctuary (or at least in its natural state),—

although tied in with a purpose to benefit the University of Maine, invests the trustees with such broad powers and active duties of management as to negate any possibility of viewing the University's equitable title, so-called, as equivalent to the meaning of ownership and occupation or use of the property solely for its own purposes by the University as a scientific institution within the intendment of 36 M.R.S.A. § 652(1)(B).[3]

Some jurisdictions have recognized the rule with respect to taxation that, where the title is held in trust, the right to tax exemption of the trust corpus may be determined by the nature of the beneficial interest. Here, the plaintiffs claim that the use of the trust property to carry out the purposes of the University of Maine as a scientific institution would mandate the application of such a rule. Without intimating any opinion whether under proper circumstances this Court might adopt such a principle, we decline to apply it to the facts of the instant case, where complete control of the trust estate is vested by the trust instrument in the trustees who hold the legal title. This record does not compel a finding of practical ownership in the University, although it is made the beneficiary of the trust in a secondary way as distinguished from the settlor's primary purpose of establishing a wildlife refuge.

Faced with our longtime policy of construing our tax exemption statutes strictly, we must conclude that the plaintiffs have not established any right to tax exemption of the trust property under 36 M.R.S.A. § 652 on any theory, let alone on the theory that the University of Maine as beneficiary of the trust has an equitable ownership in the property. The settlor's primary purpose in setting up the Hirundo Wildlife Trust was the creation and maintenance of a wildlife refuge or sanctuary, which in and of itself is not a scientific institution or organization; and the incidental scientific objective to benefit the University of Maine by permitting use of the premises in conjunction with certain academic or scientific programs of the University is insufficient in this case to qualify for exemption. *See Hurricane Island Outward Bound v. Vinalhaven, supra,* at 1046.

The entry will be:

Appeal denied.

Judgment of the Superior Court affirmed.

All concurring.

---

**3.** The trustees are empowered, among other things, to maintain the so-called "necessary house," the garage and shelter presently located on the premises; maintain and improve existing roads and trails, and build drainage ditches; prevent the use on the Hirundo Wildlife Refuge of firearms, trapping or hunting thereon; exclude aircraft, power boats, snowmobiles thereon; keep signs, billboards, advertising, and utilities out of the area; see that no dumping be done on the premises of trash, waste or unsightly or offensive materials; restrict the removal or destruction of trees except under acceptable forestry and wildlife practices; protect the surface so that it will remain predominantly in its natural condition; from time to time permit, prohibit or restrict fishing on the Premises.