STATE OF MAINE  
KENNEBEC, ss.

SUPERIOR COURT  
Civil Action  
Docket No. AP-97-061  
DHM-KEN - 6/5/2000

BRENT LEASING COMPANY, INC.,

Petitioner

v.

ORDER AND DECISION

STATE TAX ASSESSOR,

Respondent

This matter is before the Court on Petitioner's Motion for Summary Judgment. Petitioner has filed a Petition for Review pursuant to 36 M.R.S.A. § 151, 5 M.R.S.A. § 11001 and Rule 80C M.R. Civ. P. It seeks court review of an assessment of sales and use tax, interest and penalty as of May, 1994 in respect of a 92 foot watercraft (*Vessel*) first brought into Maine in June of 1994. The Petitioner has timely requested reconsideration of the assessment, the Assessor issued its decision affirming assessment in its entirety on the reconsideration question. Petitioner seeks exemptions from the tax, relief from interest, abatement of penalty and declaration of error on the party of the Respondent.

For purposes of this Court's consideration the facts are undisputed. The Petitioner is a Delaware corporation. It is a successor to Bar Harbor Whalewatch Company, a Maine corporation. That merger of corporations took place in 1996. As stated in Petitioner's motion, in May of 1994 the Petitioner purchased the *Friendship IV*, a 92 foot vessel from Gladding-Hern Shipbuilding of Somerset, Massachusetts, for the purchase price of $1,300,000. The *Friendship IV* is a "watercraft" within the

meaning of 36 M.R.S.A. § 1752-24. The Petitioner has paid no sales nor use tax to any state with respect to its purchase of the *Friendship IV*. Upon its purchase of the *Friendship IV*, the Petitioner registered the craft with the United States Coast Guard, identifying Bar Harbor, Maine as the vessel's home port. The *Friendship IV* then sailed to Bar Harbor in June, 1994, within 30 days of its purchase. Immediately upon the arrival of the *Friendship IV* in Bar Harbor in June, 1994, Respondent began using the vessel for whalewatching and other nature cruises. The *Friendship IV* was used to carry passengers on the whalewatching and other nature cruises offered by Petitioner. Passengers paid a fee. From June, 1994 to October, 1995, when the vessel permanently left Maine, the *Friendship IV* was used for such cruises every day it was in Maine except those precluded by inclement weather. On each of the cruises the *Friendship IV* would depart from and return to Bar Harbor without any intermediate stops along the way. For the vast majority of such cruises, if not all of them, the *Friendship IV* entered international waters, meaning those waters more than three miles from the United States' coastline.

On February 28, 1996, the State Tax Assessor (the "Assessor") issued an assessment against Petitioner for the period of May 1, 1994 through May 31, 1994 for use taxes in the amount of $89,000, interest in the amount of $18,164 and penalties in the amount of $18,690. Petitioner filed a timely Petition for Reconsideration of the assessment pursuant to 36 M.R.S.A. § 151 on March 22, 1996. An informal conference was held telephonically resulting in a decision by the Respondent on

2

July 25, 1997, upholding the assessment in its entirety and adding additional interest to bring the total amount due at that time to $143,103.56.

A Motion for Summary Judgment may be granted if there is no genuine issue of material fact and a party is entitled to a judgment as a matter of law. Chadwick-BaRoss, Inc. v. T. Buck Construction Co., Inc., 627 A.2d 532 (Me. 1993). The facts are not in issue. Is a party entitled to a judgment as a matter of law on these facts?

The issue is the application of 36 M.R.S.A. § 1760(41). That statute provides that:

> "No tax on sales, storage or use shall be collected upon or in connection with:

> **41. Certain instrumentalities of interstate or foreign commerce.** The sale of a vehicle, railroad rolling stock, aircraft or watercraft, which is placed in use by the purchaser as an instrumentality of interstate or foreign commerce within 30 days after that sale and which is used by the purchaser not less than 80% of the time for the next 2 years as an instrumentality of interstate or foreign commerce. . . . For purposes of this subsection, property is "placed in use as an instrumentality of interstate or foreign commerce" by its carrying of, or providing the motive power for the carrying of, a bona fide payload in interstate or foreign commerce, or by being dispatched to a specific location at which it will be loaded upon arrival with, or will be used as motive power for the carrying of, a payload in interstate or foreign commerce."

The parties agree the tax exemption provisions are strictly construed against taxpayers. However, an exemption provision is entitled to a "reasonable interpretation in accordance with its purpose." Harold MacQuinn, Inc. v. Halperin, 415 A.2d 818 (Me. 1980). The term "interstate and foreign commerce," being undefined in the statute, must be given its plain, ordinary meaning. Reagan v.

3

Racal Mottgade, Inc., 715 A.2d 925 (Me. 1998). Plaintiff relies upon a series of Federal and state cases where, under similar circumstances, a bus, tugboat or riverboat ferry leaving from and returning to a specific point in a state, but traveling during the trip through the land or waters of another state, constitute interstate or foreign commerce. Central Greyhound Lines, Inc. v. Mealey, 334 U.S. 653 (1998); Cornell Steamboat Company v. United States, 321 U.S. 634 (1949); City of St. Louis v. Streckfus, 505 S.W. 2d (70 Mo., 1974). The Respondent has interpreted its statute as found in its regulation published by the Maine Revenue Services, formerly the Bureau of Taxation, and exhibited in Sales/Excise Division Instructional Bulletin No. 34. The Department defines the term "use as an instrumentality of interstate or foreign commerce" that vehicles are considered to be used intrastate or local operations when they are carrying cargo that both originates and terminates within the State of Maine. In addition, the State cites La Crosse Queen, Inc. v. Wisconsin Dept. of Revenue, 208 Wis. 2nd 439, 561 N.W. 2nd 686 (1997).

This Court is unpersuaded that a proper standard of consideration of "interstate or foreign commerce" should be governed by interpretation of Federal U.S. Constitution law under the commerce clause or that transportation which simply enters another state or international waters constitute interstate commerce. The 1980 edition of Oxford American Dictionary defines "commerce" as "all forms of trade and the services that assist trading, . . . ." The term "trade" is defined as "an exchange of goods for money or other goods". The term "foreign" is "(1) of or in or from another country, not of one's own country", (2) "dealing with or involving

4

other countries . . . ." The term "interstate" is described as "existing or carried on between states." Black's Law Dictionary, 7th ed., dated 1999 defines "commerce" as "the exchange of goods and services, esp. on a large scale involving transportation between cities, states, and nations." "Interstate commerce" is defined as "trade and other business activities between those located in different states; esp., traffic in goods and travel of people between states." Going further, "intrastate commerce" is defined as "commerce that begins and ends entirely within the borders of a single state."

The burden of proving that a transaction was not taxable shall be upon the person charged with tax liability. 36 M.R.S.A. § 1763 (1990); see also 36 M.R.S.A. § 151 (Supp. 1999). It is well established in Maine law an exemption from taxation, while entitled to reasonable interpretation in accordance with its purpose, is not to be extended by application to situations not clearly coming within the scope of the exemption provisions. Harold MacQuinn v. Halperin, 414 A.2d 818 (Me. 1980). "The well settled principle that taxation is the rule and tax exemption is the exception" places the burden on the [tax payer] to bring its request unmistakably within the spirit and intent of the claimed exemption." SST & S, Inc. v. State Tax Assessor, 675 A.2d 518 (Me. 1996). "[T]ax exemption statutes must be strictly construed, which means that all doubt and uncertainty as to the meaning of the statute and legislative intent must be weighed against exemption." Silverman v. Town of Alton, 451 A.2d 103 (Me. 1982).

5

To some extent this matter is influenced by the weight and authority the Court gives to the State Tax Assessor's interpretation of § 1760(41) as expressed in the Maine Revenue Service's Rule and Instructional Bulletin. "[T]he construction of a statute utilized by those whose duty it is to make the statute operative is entitled to great deference by a court when called upon to construe the statute." Robin's v. State Tax Assessor, 536 A.2d 1127 (Me. 1988). "Unless there is something 'in the language of the statute] . . . which makes the interpretation given by the State Tax Assessor contrary to express legislative purpose, it is entirely appropriate to look to its contemporaneous construction by the defendant as a guide.'" Ibid at 1129. However, even though "the Court" will usually defer to the assessor's interpretation of [an] exemption statute, the plain meaning of the statute always controls over an inconsistent administrative interpretation." UAH-Hydro Kennebec v. State Tax Assessor, 659 A.2d 685 (Me. 1995). See also Hudson Pulp & Paper Corp. v. Johnson, 147 Me. 444, 88 A.2d 154 (1952). Herein the Law Court stated,

> "Whether or not the purchase or sale of an article of personal property subjects the purchaser to a sales or use tax, and if so, to which one, depends, not upon the regulations of the assessor, but upon the act itself. Although the assessor is authorized . . . to promulgate and enforce rules and regulations, . . . such rules and regulations must be consistent with the Act. The assessor by regulation can neither make that which is non-taxable under the Act taxable, nor can he render that which is taxable under the Act non-taxable. It is the Act, not the assessor's regulation which determines taxability."

147 Me. at 448, 88 A.2d at 156.

6

It would appear that <u>Black's Law Dictionary</u> has revised its definition of "interstate and foreign commerce" over the years. Citations by the parties from the 5th and 6th editions are not consistent with the 7th edition. Further, the Court believes that the context within which the definitions are to be interpreted are important to carry out the intent of the statute being enforced. Under our tax law, a tax is imposed on the use or consumption in this state of tangible, personal property or a service and is called a use tax. The amount of the tax is that required of sales taxes. 36 M.R.S.A. § 1861. The use tax does not apply to consumption in this state of purchases made outside the state where the purchaser has paid a sales or use tax equal to that imposed in this state. 36 M.R.S.A. § 1862. In accordance with 36 M.R.S.A. § 1811, would this property be subject to sales tax were this watercraft purchased at retail in the State of Maine and put to the same use?

The State Tax Assessor cannot add requirements to the exemption statute that the plain language of the statute does not impose. <u>Scott Paper Co. v. State Tax Assessor</u>, 610 A.2d 275 (Me. 1992); <u>UAH-Hydro Quebec v. State Tax Assessor</u>, 659 A.2d 865 (Me. 1995). However, is the State Tax Assessor's interpretation of the statute consistent with the purposes, scope and intent of Maine tax law and a proper administration of the law? Does the imposition of such a tax under these circumstances unconstitutionally burden interstate operations? See <u>Hunnewell Trucking v. Johnson</u>, 157 ME 338 (1961).

In order to constitute interstate commerce, there must not only be movement interstate or from a place foreign to this state, but also interstate business. <u>LaCrosse-</u>

7

<u>Queen, Inc. v. Wisconsin</u>, 561 N.W. 2d 686.  As found in the definition, there must be interstate trade or interstate commerce. The passengers on this sightseeing boat are receiving recreation and education and are not transported from one state or country to another.  They are not a part of an interstate journey. They conduct no business in a foreign state.  The Respondent is entitled to judgment as a matter of law.

The entry will be:

Petitioner's Motion for Summary Judgment DENIED; Summary Judgment GRANTED for Respondent; Decision of the State Tax Assessor is AFFIRMED.

Dated: June____6____, 2000

Donald H. Marden
Justice, Superior Court

Date Filed __8/20/97__  __Kennebec__  Docket No. __AP97-061__
County

Action __Petition for Review 80C__

⬤HALD L⬤
LAW ⬤⬤
⬤UN ⬤ 2000

__Brent Leasing Company__                 vs.  __State Tax Assessor__

| Plaintiff's Attorney | Defendant's Attorney  Crombie Garrett, AAG |
|---|---|
| Preti, Flaherty, Beliveau,& Pachos<br>443 Congress Street<br>P.O. Box 11410<br>Portland, Maine 04101-7410<br><br>Michael L. Sheehan<br>Preti, Flaherty, Beliveau & Pachos | XXXXXXXXXXXXXX,XXX<br>State House Sta. # 6<br>Augusta Me.  04333 |

| Date of Entry | XXXX Roy Pierce, Esq. |
|---|---|

| Date of Entry | |
|---|---|
| 8/20/97 | Petition for Review filed. s/ Sheehan, Esq. |
| 9/8/97 | Letter entering appearance filed.  s/Olson,AAG |
| 8/16/99 | Joint Motion for Order Setting Briefing Schedule with Incorporated memo-randum of Law, filed.<br>Proposed Order, filed. |
| 8/16/99 | ORDER ON MOTION FOR ORDER SETTING BRIEFING SCHEDULE, Atwood, J.<br>Copies mailed to attys of record. |
| 11/23/99 | Stipulations filed.  s/Garrett AAG   s/Sheehan Esq |
| 11/29/99 | Petitioner's Motion for Summary Judgment with Incroporated Memorandum of Law, filed. s/Sheehan, Esq.  s/Pierce, Esq. |
| 12/16/99 | Respondents opposition to petitioners motion for summary judgment and incorproated memroandum of law filed.  s/Garrett AAG |
| 12/21/99 | Reply Memorandum in Support of Petitioner's Motion for Summary Judgment, filed. s/Sheehan, Esq. |
| 2/24/00 | Letter from attorney Garrett requesting continuance of hearing, filed. |
| 2/29/00 | Case rescheduled for March 14, 2000 at 8:15 a.m.  Attys notified by telephone. |
| 3/14/00 | Hearing had with Justice Marden Presiding.  Jan Cook CR.<br>Attorney Roy Pierce and Crombie Garrett, AAG. present.<br>Court takes matter under advisement. |
| 6/5/00 | ORDER AND DECISION, Marden, J.<br>    Petitioner's Motion for Summary Judgment is DENIED; Summary Judgment GRANTED for Respondent; Decision of the State Tax Assessor is AFFIRMED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Law Library and Goss. |