STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-60
DHM - KEN - 11/28/2000

J & E AIR, INC.,

        Petitioner

    v.

MAINE REVENUE SERVICES,

        Respondent

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

This matter is before the court on cross-motions for summary judgment on an 80C appeal from final agency action. In June of 1996, J & E Air, Inc. (J & E") purchased a 1980 Hawker Sidley 700 aircraft from Tyler Jet Aircraft Sales ("Tyler"). Around the same time, J & E entered into what it describes as a management agreement with Telford Aviation, Inc. ("Telford"), a Maine corporation with its principal place of business in Waterville. The agreement essentially authorized Telford to charter to third parties and fly the J & E plane.[1] J & E submitted an affidavit of exemption from application of use and sales tax pursuant to 36 M.R.S.A. § 1760 (41), which allows an exemption from use or sales tax of aircraft which is placed in use by the purchaser as an instrumentality of interstate or foreign commerce. The Bureau issued an assessment of use tax, interest and penalties against J & E arising out of the purchase of the plane. J & E timely filed this appeal.

J & E Air owns the aircraft. When the aircraft is not used to provide transportation for the owner of J & E Air, it is used by Telford Aviation. Telford

---

[1] There were actually two agreements. The first was executed in 1996 and the second in 1998. The only difference between the two was an increase in the latter of the fees to be paid.

Aviation charters the aircraft and shares the revenue from the charters with J & E. When J & E needs to use the aircraft, it is flown by Telford. Telford maintains possession of the aircraft at its flight facility, performs all maintenance of the aircraft, and accomplishes all piloting of the aircraft.

In cases involving review of a decision of the Tax Assessor, the court functions as the forum of origin rather than an appellate tribunal. *Enerquin Air, Inc. v. State Tax Assessor*, 670 A.2d 926, 928 (Me. 1996). A summary judgment is proper when the citations to the record found in the parties' Rule 7(d) statements demonstrate that no genuine issue of material fact has been generated and that a party is entitled to a judgment as a matter of law. *See Corey v. Norman, Hanson & Detroy*, 1999 ME 196, ¶ 7, 742 A.2d 933, 937.

The parties do not dispute any material facts. J & E argues in its motion for summary judgment that it is entitled to the exemption granted by 36 M.R.S.A. § 1760 (41) which states in relevant part:

> [t]he sale of a vehicle, railroad rolling stock, aircraft or watercraft which is placed in use by the purchaser as an instrumentality of interstate or foreign commerce within 30 days after that sale and which is used by the purchaser not less than 80% of the time for the next 2 years as an instrumentality of interstate or foreign commerce....

*Id.*

There is a regulatory provision which excepts from this exemption those who lease a purchased vehicle to a lessee, who then places the vehicle in interstate

2

commerce.[2] In its opposition, the Tax Assessor basically argues on two fronts. First, it states that the aircraft was not "used by the purchaser" as that term is contemplated by section 1760. The Assessor states that the phrase "use by the purchaser as an instrumentality of interstate or foreign commerce" has been interpreted by the Law Court to require *actual* use by the purchaser. *Robbins v. State Tax Assessor*, 536 A.2d 1127 (Me. 1988). *Robbins.* did not go so far as to interpret the phrase at issue here as requiring actual use. Rather, its holding refused to extend the exemption to include lease of vehicles for the lessee's use in interstate commerce. *Id.* at 1129. It did, however, rely on *Harold MacQuinn, Inc. v. Halperin*, 415 A.2d 818, 819 (Me. 1980). *Halperin* in its interpretation of section 1752(21), relating to use of machinery, rejected an application for exemption to a loan of machinery to a bailee for the bailee's use in production. *Id.* at 821. The *Halperin* court explained its reasoning, stating that "a natural inference from [the inclusion of the words 'by the purchaser'] is that the exemption was not intended to be available if the use of the machinery or equipment was by someone other than the purchaser himself." *Id.*

While the *Robbins* court did not rely specifically on this passage, the analysis is sound under the present facts. The Board's decision, as J & E points out, focuses largely around the categorization of the "management agreement" as a lease. The Tax Assessor expands that reasoning in its motion for summary judgment, arguing that actual use by the purchaser is required. The analysis is similar under either

---

[2] CMR 318.01 (1982) states that property is not used as an instrumentality of interstate or foreign commerce by a person who leases that property to another person who, in turn, uses that property as an instrumentality of foreign commerce. *Id.*

3

approach. The Assessor is obviously trying to avoid the interpretation whether an agreement is a lease, in favor of a clearer requirement that the purchaser actually use the instrumentality in interstate commerce.

A fair reading of the statute supports the Assessor's argument. While it is questionable whether this agreement is a lease or not, it is unnecessary under the statute to do so. The Legislature is charged with the responsibility to expand the application of this exemption if it so desires. Absent any ambiguity in the statutory language, it is not the province of this court to add meaning to the statute that is plainly not there. "[W]hen the meaning of the statute is clear, there is no need to look beyond the words, unless the result is illogical or absurd." *Estate of Spear*, 1997 ME 15, ¶ 7, 689 A.2d 590, 592. The "primary object of rules for interpreting statutes is to ascertain the legislative intent; *or , exactly, the meaning which the subject is authorized to understand the legislature intended."* Joel Prentiss Bishop, Commentaries on the Written Laws and Their Interpretation 57-58 (Boston: Little, Brown, & Co. 1882) (emphasis added) (citation omitted).

While there are arguments put forth relating to agency relationships, there is no statutory indication that such relationships are relevant to whether the exemption applies. Likewise, petitioner's argument about the exclusive control characteristic of a lease, which it purports is absent here, is equally unimportant in a case that is basically one of statutory interpretation.

The foregoing analysis is further supported by the rule in Maine that "an exemption from taxation, while entitled to reasonable interpretation in accordance

4

with its purpose, is not to be extended by applications not clearly coming within the scope of the exemption provisions." *Halperin*, 415 A.2d at 820. Furthermore, as the Assessor points out, there is a well settled principle that the burden is on the party seeking an exemption to bring its request unmistakably within the spirit and intent of the claimed exemption. *SST & S, Inc. v. State Tax Assessor*, 675 A.2d 518, 521 (Me. 1996) *see also Silverman v. Town of Alton*, 451 A.2d 103, 105 (Me. 1982) (doubts about the applicability of an exemption must be resolved in favor of taxation). The court rests its holding on the language of the exemption rather than what it perceives may have been its spirit.

In accordance with the above, the entry will be:

The motion for summary judgment by the petitioner is DENIED; motion for summary judgment by the respondent is GRANTED; final agency action is AFFIRMED.

Dated: November __2₽__, 2000

Donald H. Marden
Justice, Superior Court

5

Nancy A. Desjardin
Clerk of Courts
622-9357

Michele Garwood
Administrative Clerk

CLERK'S OFFICE
SUPREME JUDICIAL AND SUPERIOR COURTS
KENNEBEC COUNTY
95 STATE STREET
AUGUSTA, MAINE 04330

Date:    November 29, 2000

Docket No.    AP99-60   J & E Air vs. Maine Revenue Services

## NOTICE TO COUNSEL:

Now that your case is finished you have ten (10) days after the 30 day appeal period, to claim your exhibits and/or record or they will be disposed of.   In the event your case is to be appealed, please notify our office.   At the conclusion of your appeal you will have 10 days to claim your exhibits and/or record.

Please note there will be no further reminders to claim your exhibits and/or record in your case.

deposition

Action    Petition for Review

       80C

# J. MARDEN

## DEC 11 2000

J & E Air, Inc.          vs.   Maine Revenue Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Brendan P. Keilly, Esq.<br>Ten Free Street<br>P.O. Box 4510<br>Portland, Maine 04112-4510 | Stanley W Piecuch AAG   (8/10/99)<br>6 State House Sta<br>Augusta Me 04333 |

| Date of Entry | |
|---|---|
| 7/21/99 | Petition for Review of Final Agency Action |
| 8/10/99 | Letter entering appearance filed. s/Piecuch,AAG |
| 9/8/99 | Joint Motion for Procedural Order and Incorporated Memorandum of Law, filed. s/Reilly, Esq. & Piecuch, AAG.<br>Procedural Order, filed. |
| 9/9/99 | PROCEDURAL ORDER, Studstrup, J.<br>Discovery shall close March 1, 2000. Any motion for summary judgment shall be filed no later than May 1, 2000.<br>Copies mailed to attys of record. |
| 11/19/99 | Notification of Discovery Service, filed. s/Piecuch, AAG<br>Assessor's First Request for Admissions of Petitioner and Assessor's<br>First Request for Production of Documents Directed to Petitioner served on BrendanP. Reilly, Esq. on 11/17/99 |
| 12/17/99 | Notice of discovery service filed. s/Rielly Esq<br>Response to assessors first request for admissions and response to assessors first request for production of documents served on Stanley W Piecuch AAG on 12/16/99. |
| 2/3/00 | Notification of Discovery Service, filed. s/Piecuch, AAG<br>Assessor's Notice of Oral Deposition of Julian Cohen served on Brendan Pl Reilly, Esq. on 2/2/00 |
| 2/23/00 | Joint motion for enlargement of times filed. s/Rielly Esq s/Piecuch AAG<br>Proposed order filed. |
| 2/23/00 | ORDER, Marden, J.<br>(Discovery shall close on May 1, 2000. Any motion for summary judgment shall be filed by July 1, 2000)<br>Copies mailed to attys of record. |
| 3/22/00 | Notification of Discovery Service, filed. s/Piecuch, AAG<br>Assessor's Second Request for Production of Documents Directed to Petioner served on Brendan P. Rielly, Esq. on 3/20/00 |